# DISTRUBUTED LEDGER, INC.
# INDEPENDENT CONTRACTOR AGREEMENT

This Agreement is made and effective as of December 1, 2020 by and between Distributed Ledger, Inc., a For-Profit Texas Corporation (the "Corporation") and New Green Network, LLC (the "Contractor") and supersedes any prior employment-related agreement or agreements between the Corporation and Contractor. Unless the context otherwise requires, all references to a designated section refers to the designated provision of this Agreement.

Statement of Agreement:

FOR AND IN CONSIDERATION of the mutual promises and covenants set forth herein, Corporation hereby agrees to the employment of Contractor on the following terms and conditions and, except to the extent specifically superseded by this Agreement, subject to all of the Corporation's policies and procedures regarding its employees:

**1. Position.** Commencing as of the execution of this Agreement (the "Effective Date"), Contractor shall serve as the Asset Management Director of certain assets of the Corporation with all authority and corresponding responsibility of an Asset Management Director of a corporation under Texas law, subject to the overall authority of the Chief Executive Officer ("CEO") and the Corporation's certificate of formation, bylaws, regulations, and other governing documents.

**2. Specific Authority and Responsibility.** Not in limitation of the authority and responsibility of the position as described in Section 1, Contractor shall report directly to the CEO. In addition, Contractor shall perform any special duties assigned or delegated to Contractor by the CEO and, unless otherwise directed by the CEO, shall actively manage the following Corporation assets:

- Crypto Mining Tools brand
- 20,000 subscriber blockchain mining email list and multiple popular Telegram groups
- cryptomining.tools website, apps and code base
- Crypto Mining Tools Podcast
- New Green Network LLC customer base
- Business Development and access to relationships with hardware and software vendors worldwide
- 50% ownership in a pending trademark for the phrase "Blockchain Mining" for use in magazines, tradeshows
- PDU design and manufacturer relationship

**3. Term.** The term of employment shall continue indefinitely or until terminated by death of Contractor or as follows by discharge or resignation, whichever, comes sooner:

(a) Discharge. By the Corporation's giving written notice of discharge which is received by Contractor at least 30 days before the effective date of termination and provided further that if such discharge is claimed by the Corporation to be for Cause (as defined herein), the notice of such discharge shall state such Cause, and in such event the effective date of termination may, if stated in the notice, be immediate upon giving of the notice; and

(b) Resignation. By Contractor's giving written notice of resignation which is received by the Chairman or other person serving as chair of the Board of the Corporation at least 90 days before the effective date of termination; provided that if the resignation is claimed by Contractor to be for Good Reason (as defined herein), the notice of such resignation shall state such Good Reason, and in such event the effective date of termination may, if stated in the notice, be immediate upon giving of the notice.

**4. Base Salary.** The Corporation agrees to pay or cause to be paid to Contractor for Contractor's services during the term of this Agreement an annual base salary at the gross rate prior to all taxes and other withholdings of $84,000.00, payable in monthly periodic installments, no later than by the last day of the month ("Base Salary"). This Base Salary will be subject to annual review and may be adjusted from time to time under direction of the CEO considering factors such as Contractor's performance, compensation of similar Contractors of similarly sized and located companies in the Southeastern United States, and other pertinent factors. The Base Salary shall be payable in US Currency.

**5. Benefits.** Contractor is a 10-99 subcontractor; Contractor shall be entitled to participate in all employee practices and programs maintained by the Corporation and made available to all subcontractors generally and as may be in effect from time to time.

EXHIBIT B

**6. Severance Payments and Benefits and Liquidated Damages.**

(a) General. If Contractor's employment is terminated for any reason, including death, disability, discharge by the Corporation, or resignation by Contractor, Contractor shall be entitled to receive, and the Corporation shall cause to be paid, any earned but unpaid periodic payments of Contractor's then Base Salary.

(b) Death; Discharge without Cause; or Resignation for Good Reason. If Contractor's employment is terminated by death, or the Corporation discharges Contractor pursuant to Section 6(f) other than for Cause, or Contractor resigns pursuant to Section 6(f) for Good Reason, Contractor shall be entitled to, and the Corporation shall cause, the following in addition to the payment provided by Section 6(a):

>(1) Severance Pay. The Corporation shall pay Contractor severance pay equal to continuation of Contractor's then Base Salary for a period of an additional **1 month** for every year employed by Corporation, after the effective date of termination of employment.

(c) Dispute as to Existence of Cause or Good Reason. Any discharge claimed for Cause or resignation claimed for Good Reason shall be so stated in the notice thereof, and any dispute between the Corporation and Contractor as to the existence of Cause or Good Reason shall be resolved as provided in Section 8.

(d) Cause shall exist if Contractor:

>(1) Is convicted of, or pleads guilty or nolo contendere to, a felony or any act amounting to embezzlement, fraud, or theft or involving moral turpitude (whether or not against Corporation or another employee); jurisdiction, a felony resulting in death or substantial bodily or psychological harm to, or other act of moral turpitude harming, any person;

>(2) Willfully engages in conduct demonstrably and materially injurious to the goodwill and reputation of the Corporation;

>(3) Willfully causes the Corporation other than pursuant to the advice of Corporation legal counsel to violate a law which, in the opinion of Corporation legal counsel, is reasonable grounds for civil or criminal penalties against the Corporation or its Board;

>(4) Willfully engages in conduct which constitutes a violation of the established written policies or procedures of the Corporation regarding the conduct of its employees, including policies regarding sexual harassment of employees and use of illegal drugs or substances;

>(5) Without due cause fails within 30 days after receipt of notice to follow any lawful order given by or under direction of the CEO;

>(6) Does not correct within 30 days after receipt of notice any act or omission that, in the opinion of the Corporation's legal counsel, gives rise to a cause of action by the Corporation or its Board personally against Contractor to specifically enforce or restrain some action for purpose of avoiding some loss or damage, or to recover losses or damages, for an amount in excess of $10,000.00;

>(7) Does not correct within 30 days after receipt of notice any act of dishonesty against the Corporation; or

>(8) Fails within 30 days after receipt of notice to cure any violations of Contractor's covenants under Section 7.

>(9) Intentionally criticizes, ridicules or disparages the Corporation or the Board in any communications or with any customer or client, vendor or supplier, or in any public statement

(f) Good Reason shall exist in the absence of Cause if:

>(1) Contractor ceases to hold position and title of Asset Management Director as contemplated by Section 1 of this Agreement, or a position and title of a more senior position which Contractor accepts;

>(2) Contractor is assigned, without Contractor's consent, authority or responsibility materially inconsistent with authority and responsibility contemplated by Section 2 of this Agreement, including without limitation any material diminution of Contractor's authority and responsibility for supervision and compensation of all

Corporation personnel or change in reporting requirements to anyone other than the Board or its duly authorized committees;

(3) There is any reduction in or a material delay in payment of Base Salary or material reduction in benefits from those required to be provided in accordance with Sections 4 or 5 of this Agreement;

(4) Any requirement is imposed by the Corporation or under direction of its Board or any person controlling the Corporation for Contractor to reside outside of the Mobile, Alabama metropolitan area, other than on travel reasonably required to carry out Contractor's obligations under this Agreement;

(5) Contractor becomes disabled (to the extent that Contractor cannot, with reasonable accommodation, effectively perform the requirements of Contractor's position) and is unable to effectively exercise Contractor's authority and perform Contractor's responsibility under this Agreement;

(6) The Corporation fails to obtain an agreement from any successor or assign of the Corporation to assume and agree to perform the obligations of the Corporation under this Agreement; and

(7) The Corporation does not correct within 30 days after receipt of notice any act or omission that gives rise to a cause of action by Contractor personally against the Corporation to specifically enforce or restrain some action for purpose of avoiding some loss or damage, or to recover losses or damages, for an amount in excess of $10,000.

**7. Contractor Covenants.** Without the prior written consent of the Corporation, Contractor shall not, directly or indirectly:

(a) No Unauthorized Competing Concern. (1) During the term of Contractor's employment and during any Continuation Period, either alone or as a member of a partnership or association, or as an officer, director, advisor, consultant, agent, or employee of any other organization, be engaged in or concerned with any other duties or pursuits requiring Contractor's active personal services that will conflict with Contractor's ability or objectivity in performing Contractor's obligations under this Agreement.

(b) No Disloyal Act. During the term of Contractor's employment, take any action regarding the Corporation, its operations or property, that in good faith Contractor knows or should reasonably know is opposed to the best interests of the Corporation;

(c) No Unauthorized Usurpation of Corporation Opportunity. During the term of Contractor's employment, take advantage of any Corporation opportunity without first offering the opportunity with full disclosure of material facts to the Corporation and receiving notice that the Corporation has declined such opportunity. For this purpose, "Corporation Opportunity" means any opportunity to engage in a business activity: (1) Of which Contractor becomes aware (A) by virtue of Contractor's relationship with, or in connection with performing functions in the business of, or in using facilities or other resources of the Corporation, and (B) under circumstances that should reasonably lead Contractor to believe that the person offering the opportunity expects it to be offered to the Corporation; or (2) which Contractor knows is closely related to a business in which the Corporation is engaged or expected to engage;

(d) No Unauthorized Disclosure. During the term of Contractor's employment and thereafter, make or cause to be made any unauthorized disclosure or other use of any confidential information regarding the Corporation or any of its activities and operations, except to the extent reasonably necessary or appropriate in connection with the performance by Contractor of Contractor's authority and responsibility under this Agreement or as may be legally required; provided, however, that nothing herein contained shall preclude the use or disclosure of any information known generally to the public (other than as a result of disclosure by Contractor in violation of this Section 7(d));

(e) No Disparagement. During the term of Contractor's employment, criticize, ridicule or make any statement which disparages or is derogatory of the Corporation or any person affiliated with the Corporation in any communications with any customer or client, vendor or supplier of the Corporation or in any public statement.

**8. Representation as to Limitations.** Contractor represents and warrants that Contractor is not under any contractual or legal restraint that prevents or prohibits Contractor from entering into this Agreement or performing the duties and obligations described in this Agreement.

**9. Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of the Corporation, its successors and assigns and shall be binding upon Contractor, Contractor's administrators, executors, legatees, heirs, and

other legal representatives. The Corporation shall require any successor or assign to expressly assume and agree to perform this Agreement in the same manner and to the same extent that the Corporation would be required to perform it if no such succession or assignment had taken place. Except to the extent the context otherwise requires, the term the "Corporation" as used herein shall include any such successors and assigns to the Corporation's operations or assets. Neither this Agreement nor any right or interest hereunder shall be assignable or transferable by Contractor, Contractor's administrators, executors, legatees, heirs, and other legal representatives, except by will or by the laws of descent and distribution.

**10. Notices.** Any notice to be given to a person hereunder shall be given by United States certified mail or by personal delivery or by fax transmission (provided that within 24 hours a written copy of such transmission is deposited in United States certified mail or personally delivered), with return receipt by the addressee requested, and addressed, to the Corporation, at its principal place of business to the attention of the Chairman of the Board and, to Contractor at Contractor's address on the employment records of the Corporation, or at such other address most recently designated by that person for this purpose. Any notice shall be deemed given upon the date of receipt stated in the returned receipt or, if the address most recently specified by the addressee as provided above is not a valid address, the date of a returned receipt or other certification of the United States post office for such address certifying that the same is not a valid mailing address and that no forwarding address is known to such post office.

**11. Amendment/Waiver.** No amendment or waiver of any provision of this Agreement shall be implied by any failure of any party to enforce any remedy upon the violation of such provision, even if such violation is continued or repeated subsequently, and in no event shall any amendment or waiver of any provision of this Agreement be effective against any party hereto unless expressed in writing signed by that party. No express waiver shall affect any provision other than the one specified in such waiver, and that only for the time and in the manner specifically stated.

**12. Construction.** As used in this Agreement, the singular shall include the plural and any gender shall include all genders as the context requires. Unless the context otherwise requires, use of any form of the term "include" shall mean including without limitation; and use of the term "or" is not intended to be exclusive unless the context otherwise clearly requires.

**13. Headings.** The headings and captions are for convenience only and shall not be deemed to limit, construe, affect, or alter the meaning of the underlying provisions.

**14. Severability.** If any provision of this Agreement is or becomes invalid, illegal, or unenforceable in any jurisdiction for any reason, such invalidity, illegality, or unenforceability shall not affect the remainder of this Agreement, and the remainder of this Agreement shall be construed and enforced as if such invalid, illegal, or unenforceable portion were not contained herein.

**15. Attorneys Fees.** In the event of any dispute arising out of, from or in connection with this Agreement, or suit or action to enforce or interpret any provision of this Agreement (or that is based on this Agreement), the prevailing party is entitled to recover, in addition to other costs, reasonable attorney fees in connection with the suit, action, or dispute and in any appeals. The determination of who is the prevailing party and the amount of reasonable attorney fees to be paid to the prevailing party will be decided by the court or courts, including any appellate courts, in which the matter is tried, heard, or decided.

**16. Choice of Venue.** Any disputes arising under or related to this Agreement or regarding the legal rights or obligations of any of the parties to this Agreement. If any issues in dispute are not resolved, any party may, by written notice to the other, demand that the dispute be resolved by a court of competent jurisdiction in and for Baldwin County, Alabama.

**17. Governing Law.** This Agreement shall be construed and enforced under and in accordance with the laws of the State of Alabama without giving effect to the conflict of law principles thereof.

**18. Waiver of Right to Trial by Jury.** THE PARTIES HEREBY WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR ANY OF THE CONTEMPLATED TRANSACTIONS, WHETHER NOW OR EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE. THE PARTIES AGREE THAT ANY OF THEM MAY FILE A COPY OF THIS PARAGRAPH WITH ANY COURT AS WRITTEN EVIDENCE OF THE KNOWING, VOLUNTARY, AND BARGAINED FOR AGREEMENT, AMONG THE PARTIES IRREVOCABLY TO WAIVE TRIAL BY JURY, AND THAT ANY PROCEEDING WHATSOEVER BETWEEN THEM RELATING TO THIS AGREEMENT OR ANY OF THE CONTEMPLATED TRANSACTIONS SHALL INSTEAD BE TRIED IN A COURT OF COMPETENT JURISDICTION BY A JUDGE SITTING WITHOUT A JURY.

[Signature Page to Follow]

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the 21st day of November 2020.

**DISTRUBUTED LEDGER, INC.**                                **CONTRACTOR**

By:_____                          By:_____
    John Michael Francis, II
    Chief Contractor Officer                                Scott Offord
    Distributed Ledger, Inc.