IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DISTRIBUTED LEDGER, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. 21-0490-KD-N |
| | ) |
| **NEW GREEN NETWORK LLC,** | ) |
| **MILWAUKEE SEO LLC, and** | ) |
| **SCOTT OFFORD,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This action is before the Court on Plaintiff Distributed Ledger, Inc.'s (DLI) Verified Complaint and Motion for Temporary Restraining Order, Preliminary Injunction, and Damages (doc. 1). In Count IV of the Complaint, DLI requests a "TRO, Preliminary Injunction and Permanent Injunction against Offord, New Green Network and Milwaukee SEO (doc. 1, p. 20). DLI claims that it "requires a temporary restraining order and preliminary injunction to protect it from irreparable injury to preserve the status quo until the district court renders a meaningful decision on the merits" (Id., p. 22).

DLI makes this request pursuant to Rule 65 of the Federal Rules of Civil Procedure. With respect to a Temporary Restraining Order, the Rule provides that the

> court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).[1]

Thus, pursuant to Rule 65(b)(1)(A) before granting a request for a TRO without notice to the Defendants, the Court must find that DLI has made the requisite clear showing of immediate and irreparable injury, etc., that will occur before Defendants could be heard. Access Healthcare Physicians, LLC v. IT Possible, LLC, No. 8:21-CV-2306-TPB-AAS, 2021 WL 4502784, at *2 (M.D. Fla. Oct. 1, 2021) (citation omitted) ("Where the movant requests issuance of a TRO without notice to the adverse party, the district court must first determine whether the movant has shown adequate justification for such *ex parte* relief before addressing whether the movant has met the four-pronged test."). The Court of Appeals for the Eleventh Circuit has explained that "the asserted irreparable injury must be neither remote nor speculative, but actual and imminent." Swain v. Junior, 961 F.3d 1276, 1292 (11th Cir. 2020) (citation omitted) (addressing a preliminary injunction). Additionally, **"[a]n injury is irreparable 'if it cannot be undone through monetary remedies**.'" Scott v. Roberts, 612 F.3d 1279, 1295 (11th Cir. 2010) (emphasis added). However, certain types of loss may constitute an irreparable injury. See BellSouth Telecomms. v. MCImetro Access Transmission Servs., 425 F.3d 964, 970 (11th Cir. 2005) (finding that showing of significant loss of customers and goodwill qualifies as an irreparable injury); Bonilla v. Librati, 2021 WL 2580552, at *2 (S.D. Fla. Apr. 26, 2021), modified, 2021 WL 3396124 (S.D. Fla. Apr. 30, 2021) (granting a TRO where plaintiff demonstrated that the vessel at issue "could leave the country in a matter of hours" and defendant had already liquidated assets).

In the Complaint, the only pleading or document now before the Court, DLI states that it "has shown herein and will show at the time of trial that: (1) it has a substantial likelihood for success on the merits; (2) that it will suffer irreparable harm if the relief is not granted; (3) that the

---

[1] Plaintiff's counsel provides a "Certification of Efforts to Provide Notice to Defendants" (doc. 1, p. 27).

threatened injury to DLI outweighs any potential harm to the non-movant; and, (4) that the relief will not disserve the public interest." (Doc. 1, p. 22).   But pointing to the entire Complaint, i.e., "has shown herein", and listing the four factors for injunctive relief does not assist the Court with deciding whether the requirements of Fed. R. Civ. P. 65(b)(1)(A) have been met. This lone paragraph neither identifies or explains how "specific facts" in the Complaint "clearly show" immediate and irreparable harm, Id.,[2] nor provides any analysis of the four factors.  And, throughout the complaint DLI has couched damages in terms of monetary remedies, i.e., "[t]he actual and potential damage to DLI are in the tens of millions of dollars[]"; "at a loss to DLI in excess of $150,000";  "[a]s a result of his actions and interference, DLI was unable to timely confect a contract with Bitmain resulting in a loss to DLI in an amount believed to exceed $100 million." Accordingly, the request for a Temporary Restraining Order to be issued without notice to Defendants is DENIED at this time.  Trejo v. Alabama Dep't of Correction, No. 1:21-CV-390-TFM-B, 2021 WL 4955446, at *1 (S.D. Ala. Oct. 25, 2021) ("*Ex parte* relief is to be granted sparingly.").

With respect to a Preliminary Injunction, the Rule provides that the "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a).  However, even with notice to defendants, DLI must initially show viable bases for its irreparable injury claim. The Court will await further substantive argument from DLI before setting a hearing.

DONE and ORDERED this the 15th day of November 2021.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] In Count IV, ¶ 55, DLI states that "[t]he averments of Paragraphs 1 through 54 are incorporated by reference herein as if set forth in full below" (doc. 1, p. 20).  Incorporating by reference 53 paragraphs of facts and counts renders the Complaint a disfavored "shotgun" pleading. Vujin v. Galbut, 836 Fed. Appx. 809, 815 (11th Cir. 2020) (defining the four primary types of shotgun pleadings).