## STANDING ORDER GOVERNING
## FINAL PRETRIAL CONFERENCE

It is **ORDERED** that the following requirements shall prevail for Fed.R.Civ.P. 16(d)

Final Pretrial Conferences set before the Honorable Kristi K. DuBose:

1.   Counsel shall confer and shall jointly prepare a single Joint Pretrial Document in the

form attached, which must be filed with the Clerk of Court at least **seven (7) calendar days**

before the Final Pretrial Conference.  "Joint preparation" entails that counsel affirmatively and in

good faith attempt to reach agreement on each of the matters required by this Standing Order to

be addressed in the Joint Pretrial Document.  Matters of good-faith disagreement should be so

noted in the Joint Pretrial Document and should be accompanied by a statement as to whether

any specific rulings by the Court on those matters might facilitate the conduct of the trial or

ongoing settlement negotiations. Unilaterally filed Pretrial Documents will be stricken.

2.   Participation at the Final Pretrial Conference is mandatory.  At least one attorney of

record for each party (or, in the case of a *pro se* party, the party himself or herself) must be

physically present at the conference, unless 1) alternative arrangements are made and approved

by the Court in advance; or 2) unusual circumstances, *e.g.*, Covid-19, exist which require

telephonic or videoconference participation as directed by the Court.  Absent any unusual

circumstances, additional counsel may attend, but are not required to do so unless otherwise

ordered in a particular case.

3.   Counsel shall confer and engage in meaningful settlement discussions within 30 days

prior to the Final Pretrial Conference.  Merely making a single settlement demand or offer, with

no further discussions between the parties, is not sufficient.  At the Final Pretrial Conference,

counsel must be prepared to discuss with the Court the status of those settlement negotiations,

and whether any method of Alternative Dispute Resolution may be beneficial to resolving the

action before trial.

    4.  The Joint Pretrial Document shall contain each of the following:

        A.  <u>Jurisdiction and Parties.</u>  A statement as to (1) the Court's jurisdiction over the subject matter and parties, (2) the propriety of parties, including correctness of identity of legal entities (*e.g.*, partnership, corporation, or individual d/b/a trade name), and (3) the necessity of appointment of guardian ad litem or other representative, and validity of appointment if already made.

        B.  <u>Statement of the Case.</u>  A <u>brief</u> statement of the action (no more than one page), providing a broad overview of the basic facts and nature of the dispute. The Court will read this statement to the venire during jury selection to qualify prospective jurors as to the events giving rise to the lawsuit; therefore, it should be understandable by a typical juror.

        C.  <u>Triable Claims and Affirmative Defenses.</u>  For each remaining claim or affirmative defense asserted: (1) a list of its legal elements derived from the pattern jury instructions or applicable and controlling case law; (2) a statement of the agreed facts specifically related to that claim or defense; and (3) a statement of the disputed facts specifically related to the claim or defense.[1]  Parties should not present a legal memorandum, but should instead present a simple statement of the legal elements, with citations to supporting authority.[2]

        D.  <u>Trial Time.</u>  An estimate of the number of trial days required, and a statement of the number of witnesses reasonably expected to testify on behalf of each party in its case in chief.

        E.  <u>Type of Trial.</u>  A statement indicating whether the action is a jury or non-jury action.  If a jury action, the parties should indicate whether the jury trial is applicable to all aspects of the action or only to certain issues, which shall be specified.

           (1) **Jury Size.**  In view of Fed.R.Civ.P. 48, which allows not fewer than

---

[1]  The parties need not set forth every possible variation of every factual dispute involved in the case for fear that they may waive the presentation of some evidence at trial.  The Court is interested in a concise statement of the facts that are disputed and undisputed, specifically related to the legal claims and defenses that are to be litigated.

[2] Regarding subparagraphs B and C, counsel should address only the claims and defenses that remain for trial.  Claims and defenses that have been dismissed or denied or otherwise resolved should not be included in the Joint Pretrial Document.  Failing to include a dismissed or denied claim or defense is not a waiver of appeal. The purpose of the Joint Pretrial Document is to narrow and clarify the issues remaining for trial.

six (6) and not more than twelve (12) jurors, the parties shall include a statement of their position with regard to the number of jurors they request be selected.  If the parties are unable to agree, the Court will cause a jury of eight (8) to be selected.

(2) **Voir Dire Questions.**  Proposed voir dire questions and objections thereto shall be included in the Joint Pretrial Document.  Each party shall be limited to twenty (20) questions.  In preparing their questions, counsel may find it helpful to review this District Court's form juror questionnaire (which is available from the Clerk's Office upon request), so as not to ask questions that are redundant of those posed in that questionnaire.  Also, counsel need not include questions concerning whether prospective jurors know any of the parties, witnesses, or lawyers in the case, or know anything about the case, as those questions will be asked by the Court during voir dire.  Lawyer voir dire will be permitted using court-approved questions from the questions included in the Joint Pretrial Document.

F.  Motions.  A list and description of any motions (including motions in limine) pending or contemplated.  It is not sufficient for a party simply to state that it plans to file unspecified motions.

The Court will set deadlines and page and content limitations for filing and briefing motions in limine at the Final Pretrial Conference.  Because of the tight time frame between the Final Pretrial Conference and trial, it is expected that counsel will have their motions in limine researched, drafted and in substantially final form by the time of the Conference.

G.  Depositions.  A list designating by page and line those relevant portions of depositions which any party wishes read at trial, not including excerpts whose sole purpose is impeachment. All objections to any such testimony shall be made in writing and included in the Joint Pretrial Document. Failure to comply shall constitute a waiver of any such objection.

H.  Witnesses.  A list of the names and addresses of all witnesses who will or may testify at the trial.  Witness lists shall be kept to a reasonable minimum.  Additional witnesses may be added only in accordance with Fed.R.Civ.P. 16(e).

The parties shall attach to the Joint Pretrial Document a curriculum vitae of each expert witness, and a brief statement of the opinion(s) which counsel expects to elicit from such expert.  Any objections to the designation of a witness (lay or expert) shall be included in the Joint Pretrial Document.  Failure to comply shall constitute a waiver of any such objection.

Objections to expert witnesses based on Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), should have been filed in accordance with the Rule 16(b)

–3–

Scheduling Order.  Allowing an objection to the designation of an expert witness does not re-open <u>Daubert</u> issues.

I.  <u>Exhibits.</u>  A list of all exhibits which are to be offered in evidence, on this Court's exhibit form or a substantially similar form and attached to the Joint Pretrial Document.  Additional exhibits may be added only in accordance with Fed.R.Civ.P. 16(e).  Each party shall make available to opposing counsel, for copying and inspection, all exhibits which are to be offered in evidence, no later than 14 days before the Final Pretrial Conference.

    (1) **Objections.**  Objections to exhibits shall be included in the Joint Pretrial Document, and the objecting party shall set forth the nature of the objection.

    (2) **Marking Exhibits.**  Markers obtained from the Clerk shall be attached to all exhibits.

J.  <u>Damages.</u>  A description of the amount and type of damages sought.  Whenever possible, the parties shall stipulate to the amount and type of damages which a prevailing party shall be entitled to recover.  If the parties are unable to agree, then the plaintiff shall state with specificity the amount and category of damages (*e.g.*, doctor and hospital bills $____; lost wages $____; pain and suffering $____; etc.).  A statement that the plaintiff seeks compensatory damages in an amount to be determined at trial is not sufficient**.**

Listing the stipulated damages shall not constitute an agreement as to the recoverability of same unless so stated.

K.  <u>Attorneys.</u>  A list of all attorneys in any represented law firm, or an attached copy of the firm's letterhead.

5.  Counsel are reminded that **the action is to be ready for trial at the time of the Final Pretrial Conference**.  Filing the Joint Pretrial Document should mark the conclusion, not the commencement, of the parties' trial preparations.  Once adopted by the Court as part of the Pretrial Order, the Joint Pretrial Document shall constitute the final statement of the claims, affirmative defenses, and relief at issue for trial; shall govern the conduct of the trial; and shall constitute the basis for any relief afforded by the Court.  The Pretrial Order may be amended at any time by the Court or on motion of a party only in accordance with Fed.R.Civ.P. 16(e).

6.  Failure to comply with the provisions of this Order or failure to attend the Final

Pretrial Conference may result in the following sanctions pursuant to Fed.R.Civ.P. 16(f):  (a)

dismissal of the action for failure to prosecute, if such failure occurs on the part of the plaintiff;

(b) entry of default judgment if such failure occurs on the part of the defendant, or (c) any other

action as deemed appropriate by the Court.

**DONE** and **ORDERED** this 18th day of August 2021.


s/ KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE

**FOR THE PURPOSE OF PREPARING THE JOINT PRETRIAL
DOCUMENT, THE FOLLOWING FORMAT MUST BE USED**

_____

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
_____ DIVISION

STYLE OF ACTION
     (Do not use "*et al.*" -- list all remaining Plaintiffs and Defendants)

JOINT PRETRIAL DOCUMENT

A.

JURISDICTION AND PARTIES

     There is no contest as to the jurisdiction of this Court or as to the correctness of the named defendant(s) or the named plaintiff(s).

B.

STATEMENT OF THE CASE

(<u>See</u> Paragraph 4.B. of Standing Order.)

C.

TRIABLE CLAIMS AND AFFIRMATIVE DEFENSES

    1.  (Statement of first legal claim to be tried, *e.g.*, Title VII, Jones Act, negligence, breach of contract, etc.)

        a.  LEGAL ELEMENTS (<u>See</u> Paragraph 4.C.1. of Standing Order).

      b.  AGREED FACTS (as to this legal claim) (<u>See</u> Paragraph 4.C.2. of Standing Order).

      c.  DISPUTED FACTS (as to this legal claim) (<u>See</u> Paragraph 4.C.3. of Standing Order).

2.  (Statement of second legal claim to be tried)

      1.  LEGAL ELEMENTS.
      2.  AGREED FACTS.
      3.  DISPUTED FACTS.

3.  (Statement of first affirmative defense to be tried, *e.g.*, contributory negligence, statute of limitations, etc.)

      1.  LEGAL ELEMENTS.
      2.  AGREED FACTS.
      3.  DISPUTED FACTS.

## D.

## <u>TRIAL TIME</u>

It is estimated that this action will take _____ days to try, exclusive of jury selection time.  The plaintiff expects to call \_\_\_\_ witnesses, and the defendant expects to call \_\_\_\_\_witnesses.

## E.

## <u>TYPE OF TRIAL</u>

JURY      NON-JURY

The parties request a jury of _____.
The parties' proposed voir dire questions (and objections) are included.

F.

MOTIONS

(List and describe any pending or contemplated motions, as per Paragraph 4.F. of the Standing Order.)

G.

DEPOSITIONS

(List those portions of depositions to be used at trial.  State any objections.  See Paragraph 4.G. of the Standing Order.)

H.

WITNESSES

(List the name and address of each witness expected to testify at trial, including separate "will call" and "may call" lists for each party.  All expert witnesses listed should be identified as such, and the additional information required by Paragraph 4.H. of the Standing Order should be provided.  Objections to any witnesses, whether lay or expert, should also be set forth.)

I.

EXHIBITS

(Attach a list of all exhibits which are to be offered in evidence, on this Court's exhibit form or a substantially similar form.  Objections to the exhibits should be included in the Joint Pretrial Document. See Paragraph 4.I. of the Standing Order)

J.

DAMAGES

(See Paragraph 4.J. of Standing Order)

(A description of the amount and type of damages sought.  If possible, a stipulation to the amount and type of damages which a prevailing party shall be entitled to recover.  If the parties are unable to agree, then the plaintiff shall state with specificity the amount and category of damages (e.g., doctor and hospital bills $____; lost wages $____; pain and suffering $____; etc.

For example:  The parties agree that, if the plaintiff prevails as to liability, he/she is entitled to an award of lost wages in the amount of $_____ and medical bills in the amount of $_____. Plaintiff also seeks an award for pain and suffering in the amount of $ _____; however, defendant disputes that plaintiff is entitled to this type and amount of damages even if plaintiff prevails as to liability.)

K.

ATTORNEYS

(List the names of attorneys in any represented law firm or attach copy of the firm's letterhead.  See Paragraph 4.K. of the Standing Order.)

_____

Attorney for Plaintiff

_____

Attorney for Defendant